# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **ALCHEMY MANAGEMENT PARTNERS, LLC** <br> **Plaintiff,** <br><br> -against- <br><br> **N-TOUCH STRATEGIES, LLC** <br> **and NATASHA WILLIAMS,** <br><br> **Defendants.** | **Case No.** <br><br><br><br> **COMPLAINT** <br> PLAINTIFF DEMANDS <br> TRIAL BY JURY |

PLEASE TAKE NOTICE that Plaintiff, ALCHEMY MANAGEMENT PARTNERS, LLC (hereinafter "Plaintiff") by its attorneys, CRISCIONE RAVALA, LLP, as and for a Complaint against Defendants, N-TOUCH STRATEGIES, LLC and NATASHA WILLIAMS (hereinafter collectively, "Defendants"), alleges upon information and belief, as follows:

## I. NATURE OF THE ACTION

1.      This is an action by Plaintiff to recover damages from tortious interference with a contract.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332 because complete diversity exists as the Plaintiff's principal place of business is in the State of New York, Defendant N-TOUCH STRATEGIES LLC's principal place of business is in the State of Connecticut, Defendant NATASHA WILLIAMS is a citizen of the State of Connecticut, and because the value of the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.    Venue in this District is based upon 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) as Plaintiff's place of business is in this district and as a substantial part of the events or omissions giving rise to the claim occurred in this district.

4.    This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) because the state law claims form part of the same case or controversy.

### III. PARTIES

5.    At all relevant times herein, Plaintiff ALCHEMY MANAGEMENT PARTNERS, LLC, is a company formed under the laws of the State of New York, with a registered address of 119 West 72nd Street, New York, NY 10023.

6.    Upon information and belief, at all relevant times herein, Defendant N-TOUCH STRATEGIES, LLC, is a company formed under the laws of the State of Connecticut, with a registered address of 111 Towne Street, Stamford, CT 06902.

7.    Upon information and belief, at all relevant times herein, Defendant NATASHA WILLIAMS is an individual, and a resident of the State of Connecticut, and was the principal of N-TOUCH STRATEGIES, LLC during the time period relevant to this action.

### IV. FACTS

8.    Plaintiff is an expert in the field of media and social media strategy and planning, and has done this work for many clients for a number of years.

9.    It is believed that the only member of Defendant N-TOUCH is Defendant NATASHA WILLIAMS, thereby making them essentially indistinguishable.

10.    Defendants approached Plaintiff in July 2023 to assist with an RFP (Request for Proposal) response for a government contract, specifically for an assignment for the Minority Business Development Agency (MBDA).

2

11.     Defendants desired to respond to an RFP for an assignment for MBDA that included marketing strategies and solutions.

12.     Defendants reached out to Plaintiff because Defendants have no background, knowledge, experience or expertise with media strategy and planning.

13.     Defendants needed Plaintiff's expertise and assistance in preparing a response to a Request for Proposal (RFP) to MBDA.

14.     Specifically, on July 4, 2023, Defendant WILLIAMS sent an email to Plaintiff stating that she is pursuing a "couple of government opportunities that you would be perfect for." She goes on to explain that the RFP responses would need written explanations as to how to perform media analysis, tracking and planning and asking Plaintiff if it had content she could use.

15.     Defendants stated to Plaintiff that they would guarantee a payment of a $150,000.00 fee for Plaintiff's work on this matter. Defendants did eventually send Plaintiff a proposed written contract, but not until the night of July 14, 2024, and only after Plaintiff worked for several months and completed the work. The contract was never signed.

16.     Nonetheless, Plaintiff began working on and completed the RFP responses in July 2023 for the benefit of Defendants.

17.     In May to July 2024, Plaintiff at N-Touch's specific request worked on media strategy and planning for the MDBA advertising and media campaign.

18.     Defendants guaranteed to Defendants a $150,000.00 fee, specifically stating this to Plaintiff in July 2023 and again in May 2024.

19.     From May 2024 to July 2024, Plaintiff worked diligently on the material for Defendant's assignments. Throughout, Defendant WILLIAMS communicated numerous times

3

that Plaintiff's invoices would be paid, even stating that a check was out or should be out in the mail. Plaintiff never received any payment whatsoever.

20.    Plaintiff presented a complete, expert media strategy and plan to Defendants, and provided everything necessary for Defendants to have the MBDA approve.

21.    In May 2024, Defendants stated in an email they would approve Plaintiff's first invoice/partial payment ASAP. In July 2024, Defendants stated in an email that they had in fact approved Plaintiff's first invoice/partial payment and that Plaintiff should have received a check weeks ago. Defendants then stated in another email that they had stopped payment on the "lost" check and were sending Plaintiff funds via Wire Transfer. No check was ever received. No wire transfer was ever received. No payment was ever made.

22.    The MDBA did in fact approve Plaintiff's media plan and strategy on July 12, 2024. Defendants suddenly disappeared. Subsequently Defendant WILLIAMS stopped communicating and disappeared from Plaintiff without paying a single dollar to Plaintiff for work on the RFP response or media strategy, plan and campaign.

## V. FIRST CAUSE OF ACTION
### Fraud against Defendant Natasha Williams

23.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.    In July 2023 Defendant WILLIAMS engaged Plaintiff to perform work for her and her company, Defendant N-TOUCH, to respond to an RFP from the MBDA. In May 2024, Defendant WILLIAMS engaged Plaintiff to perform further work for her and her company to develop a media strategy and plan. Defendant specifically promised Plaintiff a guaranteed fee of $150,000.00 for this work.

25.     Defendant WILLIAMS had no intention of ever paying Plaintiff, and used Plaintiff to secure a lucrative government contract for herself and her company.

26.     Defendant WILLIAMS made the promise of payment to Plaintiff in order to defraud Plaintiff by inducing Plaintiff to complete work for Defendants that would ultimately make a significant amount of money for Defendants.

27.     Plaintiff relied on the promises made, and worked diligently for months, resulting in Defendant WILLIAMS and her company securing a two-year, multi-million dollar government agency contract. Plaintiff's work also enabled Defendants to deliver a complete, expert media strategy and plan which was a major deliverable for the government agency assignment.

28.     Plaintiff was never paid for the work done, and has thus been damaged in the amount of at least $150,000.00

29.     Plaintiff demands judgment against the Defendant WILLIAMS for fraud in an amount to be determined at trial, but at least $150,000.00, as well as interest, reasonable attorneys' fees, and costs of this action.

## VI. SECOND CAUSE OF ACTION
### Fraud against Defendant N-Touch Strategies, LLC

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31.     In July 2023 Defendant N-TOUCH engaged Plaintiff to perform work for it through its principal, Defendant WILLIAMS, to respond to an RFP from the MBDA. In May 2024, Defendant N-TOUCH engaged Plaintiff to perform further work for her and her company to develop a media strategy and plan. Defendant specifically promised Plaintiff a guaranteed fee of $150,000.00 for this work.

32.     Defendant N-TOUCH had no intention of ever paying Plaintiff, and used Plaintiff to secure a lucrative government contract for itself.

33.     Defendant N-TOUCH made the promise of payment to Plaintiff in order to defraud Plaintiff by inducing Plaintiff to compete work for Defendants that would ultimately make a significant amount of money for Defendants.

34.     Plaintiff relied on the promises made, and worked diligently for months, resulting in Defendant N-TOUCH securing a two-year, multi-million dollar government agency contract. Plaintiff's work also enabled Defendant to deliver a complete, expert media strategy and plan which was a major deliverable for the government agency assignment.

35.     Plaintiff was never paid for the work done, and has thus been damaged in the amount of at least $150,000.00

36.     Plaintiff demands judgment against the Defendant N-TOUCH for fraud in an amount to be determined at trial, but at least $150,000.00, as well as interest, reasonable attorneys' fees, and costs of this action.

### VII. THIRD CAUSE OF ACTION
**Unjust Enrichment against Defendants**

37.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff conferred benefits to Defendants by fully performing under the agreement whereby Plaintiff would provide the necessary content, responses, pricing and rates for the RFP response, so that Defendants could secure the government contract, as well as developing and providing a full media strategy and plan, so that Defendants could deliver on the government contract.

39.     Defendants received the government contract and were enriched to the tune of several million dollars due in large part to Plaintiff's efforts. Defendants would not have been able to secure this lucrative government contract without Plaintiff's expertise and work.

40.     Defendants have refused to pay Plaintiff any sum of money for the work completed.

41.     It is against good conscience and equity to allow Defendant to keep what was gained due to Plaintiff's efforts.

42.     Plaintiff demands judgment against the Defendant N-TOUCH for unjust enrichment in an amount to be determined at trial, as well as interest, reasonable attorneys' fees, and costs of this action

### VIII. FOURTH CAUSE OF ACTION
### Breach of Contract against N-Touch

43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44.     Defendant N-TOUCH and Plaintiff agreed in July 2023 that Plaintiff would perform work on Defendant's RFP response in order to secure a large government contract. They further agreed in May 2024 to have Plaintiff develop a media strategy and plan, so that Defendants could deliver on the government contract.

45.     The Agreement was never reduced to a signed writing, though a proposed written Agreement was circulated well after Plaintiff had already completed work for Defendants. It was sent in fact after the MBDA actually approved the media strategy and plan created by Plaintiff. Problematically, the contract sent to Plaintiff by Defendants on the night of Sunday July 14, 2024 was backdated to April 15, 2024 and warranted that media work started on April 19, 2024. Plaintiff did not perform work for Defendants in April 2024.

46.     Defendant agreed to pay a guaranteed amount of $150,000.00 to Plaintiff for its work.

47.     Plaintiff fully performed under the Agreement. Due to Plaintiff's work under the Agreement, Defendant N-TOUCH was able to secure a lucrative government contract worth several million dollars, as well as deliver on the contract.

48.     Defendant N-TOUCH breached the oral agreement by failing to pay any part of the fee owed under the Agreement.

49.     Plaintiff demands judgment against the Defendants for breach of contract in an amount to be determined at trial, but at least $150,000.00, as well as interest, reasonable attorneys' fees, and costs of this action.

## IX. FIFTH CAUSE OF ACTION
### Intellectual Property Violation Under 17 U.S.C. §504

50.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.     Plaintiff prepared the media and social media content, responses, rates and pricing for the Defendants' Response to RFP to be submitted for a bid for a government contract, which was ultimately won.

52.     Further, Plaintiff prepared a full expert media strategy and plan which was provided to Defendants which was used and approved by the MDBA.

53.     Defendants also used Plaintiff's work product in their RFP response to a second government agency – the GSA – in July 2023, without any payment.

54.     Plaintiff believes that Defendants may have also used its work product in a response to RFP for a third government agency. This belief is based upon statements made by Defendant WILLIAMS to Plaintiff on May 11, 2024

55.     Plaintiff is the author of the work product ultimately used by Defendants. Plaintiff did not transfer ownership of its work product to Defendants.

56.     Despite an agreement to pay Plaintiff a guaranteed fee of $150,000 for this work, Defendant has paid nothing despite repeated demands.

57.     Defendants used Plaintiff's work product to secure a government contract worth millions of dollars without paying Plaintiff a cent. Further, after winning the contract, Defendants used Plaintiff's work product to deliver on the government contract. Defendants misuse of Plaintiff's intellectual property was willful.

58.     Plaintiff demands judgment against the Defendants for violation of 17 U.S.C. §504 in an amount to be determined at trial, but up to $150,000.00 per intellectual property violation, as well as interest, reasonable attorneys' fees, and costs of this action.

## XI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

1. Awarding compensatory damages in an amount to be determined at trial, but at least $150,00.00;

2. Awarding statutory violations for violating 17 U.S.C. §504 in an amount to be determined at trial but at least $150,000.00 per violation;

3. Awarding reasonable attorneys' fees, costs, and expenses to the extent allowable by law;

4. Awarding any such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: New York, NY
       April 7, 2025

Respectfully Submitted

**CRISCIONE RAVALA, LLP**

_/s/ Galen Criscione_
Galen J. Criscione, Esq.
Criscione Ravala, LLP
_Attorneys for Plaintiff_
250 Park Ave. Suite 700
New York, NY 10177
P: (800) 583-1780
F: (800) 583-1787
E: GCriscione@lawcrt.com