UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
ALCHEMY MANAGEMENT PARTNERS, LLC

    **Plaintiff**

V.

N-TOUCH STRATEGIES, LLC, et al.

    **Defendants**
---------------------------------------------------X

Case No. 1:25-cv-02876-GS

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, Plaintiff, Alchemy Management Partners, LLC ("Plaintiff"), and Defendants, N-Touch Strategies, LLC and Natasha Williams (collectively "Defendants") ("the parties"), and possible non-party witnesses, possess highly sensitive and confidential information that may be disclosed in responding to discovery requests or otherwise in this action and that must be protected in order to preserve their legitimate business interests; and

**WHEREAS**, Plaintiff and Defendants have, through counsel, stipulated to the entry of this Protective Order, to prevent unnecessary dissemination or disclosure of such highly sensitive and confidential information, during the course of discovery or otherwise.

### STIPULATION

THEREFORE, THE PARTIES STIPULATE that the following may be entered as the Order of the Court without further notice:

### DEFINITIONS

1. The following definitions shall apply to this Confidentiality Stipulation and Protective Order:

(a) The term "Confidential Information" means documents or information containing confidential proprietary and business, technical, or financial information; commercially or competitively sensitive information, including confidential research or development information; trade secrets; and/or other information required by law or agreement to be kept confidential. Confidential Information may include documents or things produced in this action (during formal discovery or otherwise), information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial. Information originally designated as "Confidential Information" shall not retain that status after any ruling by the Court denying such status to it.

(b) The term "designating party" means the party producing or designating information as Confidential Information under this Confidentiality Stipulation and Protective Order.

(c) The term "receiving party" shall mean the party to whom Confidential Information is produced.

**DESIGNATION OF CONFIDENTIAL INFORMATION**

2. Each designating party who produces or discloses any material that it in good faith believes constitutes Confidential Information shall designate it as such. In designating Confidential Information, the designating party shall mark the item or each page of a document "Confidential" or "Confidential – Attorneys' Eyes Only."

(a) Confidential Information may be designated as "Confidential – Attorneys' Eyes Only" when, in the reasonable judgment of the designating party, the information is Confidential Information, and its disclosure would be likely to cause economic harm or significant

competitive disadvantage to the designating party (e.g., trade secrets, financial information, sensitive product development information, business plans and forecasts).

        (b)    When documents or things are produced for inspection, they may be collectively designated as "Confidential" or "Confidential – Attorneys' Eyes Only" for purposes of the inspection, by letter or otherwise, without marking each document or thing "Confidential" or "Confidential – Attorneys' Eyes Only." Once specific documents have been selected for copying, any documents containing Confidential Information may then be marked "Confidential" or "Confidential – Attorneys' Eyes Only" after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of confidential documents with Confidential Information before they are copied and marked "Confidential" pursuant to this procedure.

        (c)    Portions of depositions may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" if they are designated as such at the time the deposition is taken or within 10 days after the deposition transcript is received by the designating party or its counsel. During such 10-day period, the entire transcript will be deemed "Confidential – Attorneys' Eyes Only."

        3.    The parties recognize that during the course of this litigation, Confidential Information that originated with or is maintained by a non-party may be produced. Such information may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and shall be subject to the restrictions contained in this Confidentiality Stipulation and Protective Order. If any Confidential Information is produced by a non-party to this litigation, such non-party shall be considered a "designating party" within the meaning of that term as it is used in this Confidentiality Stipulation and Protective Order and the parties will each be treated as a "receiving party."

4.  Counsel for a designating party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by FED. R. CIV. P. 26(b) or any material which is personally identifiable and sensitive (e.g., social security numbers, bank account numbers, etc.). However, any document from which material is masked must identify the masked area where masking or redaction has occurred. To the extent it is not obvious, sufficient information regarding the masked material must be provided to the receiving party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above.

5.  Except for testimony, documents and things disclosed in open court, in the event any designating party produces Confidential Information that has not been correctly designated, the designating party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. The parties shall treat such information in accordance with this Confidentiality Stipulation and Protective Order and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

### **DISCLOSURE OF THE CONFIDENTIAL INFORMATION**

6.  Information designated "Confidential" may be disclosed only to the following:

    (a)  The attorneys and staff of any law firm acting as outside counsel for a party to this action, including contract attorneys, and those persons specifically engaged for the purpose of assisting counsel in discovery or trial (i.e., vendors photocopy services, electronic discovery vendors, trial consultants);

(b) One designated in-house attorney per party and his or her assistant or paralegal;

(c) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation;

(d) Employees of either party who provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance; and

(e) The Court and Court personnel, and Official Court Reporters or videographers to the extent that Confidential Information is disclosed at a deposition or court session that they are transcribing.

7. The list of persons to whom Confidential Information may be disclosed, as identified in Paragraph 6, may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

8. Information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed only to those persons described in Paragraphs 6(a), (b), and (c) or as agreed in accordance with Paragraph 7.

**USE AND CONTROL OF THE CONFIDENTIAL INFORMATION**

9. All information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive or other purpose.

10. If Confidential Information is contained in trial testimony, the portion of transcript containing such material may be designated as containing Confidential Information and shall be treated in accordance with this Stipulation and Protective Order.

11. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

12. No person designated in accordance with Paragraphs 6 (b), (c), (d) above shall be provided with access to Confidential Information without first signing an Acknowledgement of Confidentiality Stipulation and Protective Order in the form attached as Exhibit A ("Acknowledgment"). Counsel for the party obtaining the Acknowledgments shall maintain a file of all signed, original Acknowledgments.

13. Any party may disclose its own Confidential Information in any manner that it considers appropriate. Confidential Information may be disclosed to any person no longer affiliated with a party who either authored or received the Confidential Information prior to the initiation of the litigation. Prior to any disclosure, such person must agree to be bound by this Stipulation and Protective Order and execute the Acknowledgement as stated in Paragraph 10 above. Documents designated as Confidential may be shown to any witness while testifying, at deposition or otherwise, so long as the witness is first shown a copy of this Order and is advised of the confidentiality of the designated material, and the possibility of legal sanctions, including contempt of Court, for violating the Order.

14. No information may be withheld from discovery on the basis that the information requires greater protection than that afforded by this Confidentiality Stipulation and Protective

Order, unless the party claiming the need for greater protection moves for and obtains an order for such special protection from the Court.

15. Receiving parties shall keep all Confidential Information received from others in a secure area to prevent disclosure of Confidential Information to persons not authorized under this Stipulation and Protective Order.

## DURATION OF ORDER, OBJECTION, MODIFICATIONS

16. This Confidentiality Stipulation and Protective Order shall remain in full force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties to this action. This Confidentiality Stipulation and Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed.

17. Upon final termination of this action (including all appeals), the designating party may demand that the receiving party either return to the designating party (at the designating party's expense) or destroy all Confidential Information received from the designating party within 30 days of the demand. Notwithstanding the foregoing, counsel for the receiving party may retain one set of pleadings, correspondence, discovery, and attorney and consultant work product (but not document productions) for archival purposes even though they contain Confidential Information, which shall remain subject to this Stipulation and Protective Order.

18. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Confidentiality Stipulation and Protective Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and

shall make reasonable efforts to prevent disclosure by each unauthorized person who received such information.

19. Any receiving party may at any time request that the designating party cancel the "Confidential" or "Confidential – Attorneys' Eyes Only" designation or redaction on any information produced. Such request shall be served on counsel for the designating party and shall particularly identify the designated Confidential Information that the receiving party contends should not be designated as confidential or redacted and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" or "Confidential – Attorneys' Eyes Only" designation, or redaction, then the party contending that such information should not be designated confidential or redacted may file a motion to be relieved from the restrictions of this Stipulation and Protective Order with respect to the information in question. On motion to be relieved from the restrictions of this Confidentiality Stipulation and Protective Order, the burden of demonstrating that the information is Confidential Information or is otherwise redacted shall be on the designating party.

## **NO WAIVER OF PRIVILEGES**

20. Production of documents and things shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such information.

## **OTHER PROCEEDINGS**

21. By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to

this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## OTHER REMEDIES

22. Nothing in this Stipulation and Protective Order shall prevent any party or non-party from seeking additional relief from the Court.

Dated: August 7, 2025                                             Respectfully submitted,

| | |
|---|---|
| /s/ Galen Criscione | /s/ Aaron A. Mitchell |
| Galen Criscione | Aaron A. Mitchell |
| gcriscione@lawcrt.com | aaron@lmesq.com |
| **CRISCIONE RAVALA, LLP** | **LAWALL & MITCHELL, LLC** |
| 250 Park Avenue, Ste. 700 | 55 Madison Square, Ste. 400 |
| New York, New York 10177 | Morristown, New Jersey 07960 |
| Telephone: 800-583-1780 | Telephone: 973-285-3280 |
| Facsimile: 800-583-1787 | |
| | |
| *Counsel for Plaintiff, Alchemy Management Partners, LLC* | Todd M. Reinecker (*pro hac vice* pending) |
| | treinecker@pilieromazza.com |
| | **PILIEROMAZZA PLLC** |
| | 60 West Street, Ste. 201 |
| | Annapolis, Maryland 21401 |
| | Telephone: 410-500-5100 |
| | Facsimile: 202-857-0200 |
| | |
| | Matthew T. Healy (*pro hac vice* pending) |
| | mhealy@pilieromazza.com |
| | **PILIEROMAZZA PLLC** |
| | 1001 G Street, Ste. 1100 |
| | Washington, D.C. 20001 |
| | Telephone:   202-857-1000 |
| | Facsimile:    202-857-0200 |
| | |
| | *Counsel for Defendants, N-Touch Strategies, LLC and Natasha Williams* |

## CERTIFICATE OF SERVICE

I, Aaron Mitchell, hereby certify that on the 7th day of August, 2025, a true copy of the within document was e-filed via the Court's ECF/CM system, which will send a notification of filing to:

Galen Criscione
*gcriscione@lawcrt.com*
**CRISCIONE RAVALA, LLP**
250 Park Avenue, Ste. 700
New York, New York 10177

*Counsel for Plaintiff, Alchemy Management Partners, LLC*

/s/ Aaron A. Mitchell
Aaron A. Mitchell

## ORDER

Based upon the above Stipulation of the parties, and good cause having been shown (as described in that Stipulation),

IT IS ORDERED THAT the above Stipulation of the parties shall stand as and for the Order of the Court in each and every respect.

Dated this  11  day of   August  , 2025.

_____
GARY STEIN
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGEMENT**

I acknowledge that I have read the attached Confidentiality Stipulation and Protective Order entered by the United States District Court for the Southern District of New York in the case entitled *Alchemy Management Partners, LLC v. N-Touch Strategies, LLC et al*, Case No. 1:25-cv-02876-PAE and understand that I am authorized to receive Confidential Information subject to that Confidentiality Stipulation and Protective Order. I agree to abide by the obligations and conditions of that Confidentiality Stipulation and Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for all disputes arising out of or relating to the Confidentiality Stipulation and Protective Order and/or the disclosure or receipt of Confidential Information under that Confidentiality Stipulation and Protective Order.

Dated this ___ day of _____, _____.

Signature: _____

Printed Name: _____

Title/Position: _____

Company: _____

Address: _____

_____

Phone: _____

{00166680 }