**MEMO ENDORSED**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC <br>                Plaintiff, <br><br>      -against- <br><br> N-TOUCH STRATEGIES, LLC <br> and NATASHA WILLIAMS, <br><br>             Defendants. | Case No. 25-cv-02876 <br><br><br> **NOTICE OF MOTION** |

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, the Declaration of Galen J. Criscione, Esq., exhibits, and all prior proceedings herein, Plaintiff Alchemy Management Partners, LLC ("Alchemy") will move this Court pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) for an Order compelling non-party U.S. Small Business Administration ("SBA") to comply with Plaintiff's subpoena.

In the alternative, Plaintiff respectfully requests that the Court transfer this motion to the United States District Court for the District of Columbia pursuant to Rule 45(f).

Dated: New York, NY
        January 15, 2026

                               Respectfully Submitted

                               **CRISCIONE RAVALA, LLP**

                               */s/ Galen Criscione*
                               Galen J. Criscione, Esq.
                               Criscione Ravala, LLP
                               *Attorneys for Plaintiff*
                               250 Park Ave. Suite 700
                               New York, NY 10177
                               P: (800) 583-1780
                               F: (800) 583-1787
                               E: GCriscione@lawcrt.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC | Case No. 25-cv-02876 |
| Plaintiff, | |
| -against- | |
| N-TOUCH STRATEGIES, LLC and NATASHA WILLIAMS, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

### Preliminary Statement

This is a straightforward Rule 45 motion. Plaintiff served a duly issued and properly served subpoena on the U.S. Small Business Administration seeking documents that are central to liability and damages in this case. The SBA has never objected, never responded, never sought an extension, and never issued a Touhy determination.

Plaintiff has acted diligently. Any delay in completing discovery is attributable solely to a non-party federal agency's complete non-response, making court intervention necessary. This motion is also critical to Plaintiff's ability to complete discovery and is directly relevant to Plaintiff's forthcoming request for a limited discovery extension.

### Factual Background

This action concerns Defendants' alleged misuse of Plaintiff's proprietary work in connection with federal RFPs and government contracts, including contracts administered through the MBDA and SBA-related programs.

On June 4, 2025, Plaintiff issued a subpoena pursuant to Rule 45 to the SBA seeking documents including: Defendants' GSA and MBDA RFP submissions; Government contracts, SOWs, invoices, and payments; and Communications between SBA, MBDA, and Defendants; Internal and external SBA communications referencing Alchemy.

The subpoena was properly served on August 7, 2025 at SBA headquarters in Washington, D.C. The SBA did not serve any objections within fourteen (14) days, request an extension, produce documents, or invoke Touhy regulations.

Plaintiff has attempted on multiple occasions to contact someone at the SBA. The latest, on December 16, 2025, Plaintiff sent a written follow-up letter advising that a motion to compel would be filed absent a response. The SBA again failed to respond entirely.

### Legal Standard

Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), where a subpoenaed party fails to produce documents or serve objections, the serving party may move for an order compelling production. Failure to object within fourteen days constitutes waiver.

### ARGUMENT

### I. THIS COURT MAY COMPEL COMPLIANCE OR TRANSFER UNDER RULE 45(f)

Plaintiff, through counsel as an officer of this Court, duly issued a subpoena pursuant to Federal Rule of Civil Procedure 45 in connection with this action. The subpoena was properly served, and the SBA has failed to respond in any manner.

Under these circumstances, this Court may address the SBA's non-compliance. Alternatively, if the Court concludes that the District of Columbia is the district of compliance, Plaintiff respectfully requests transfer of this motion pursuant to Rule 45(f) to avoid further delay and promote judicial efficiency.

## II. THE SBA WAIVED ALL OBJECTIONS

The SBA's total failure to respond constitutes waiver of any objections based on relevance, burden, privilege, or confidentiality. A subpoena recipient may not ignore a subpoena and later raise objections only after motion practice begins.

## III. TOUHY REGULATIONS DO NOT EXCUSE COMPLETE NON-RESPONSE

*Touhy* regulations are internal agency procedures governing how federal agencies approve responses to subpoenas. They do not permit an agency to ignore a subpoena altogether.

At a minimum, an agency must acknowledge receipt, identify the appropriate reviewing official, and issue a written determination. The SBA did none of these things. They have completely and totally ignored the subpoena altogether. *Touhy* therefore provides no shield against compliance.

## IV. THE REQUESTED DOCUMENTS ARE CRUCIAL TO THIS ACTION

The subpoenaed materials go directly to whether Defendants used Plaintiff's proprietary work in federal RFP submissions, whether Defendants obtained government contracts using that work, the value of those contracts and payments received, which bear directly on damages.

These documents are uniquely within the SBA's possession and cannot be obtained from Defendants. Without them, Plaintiff cannot complete discovery or fully prosecute its claims. Plaintiff has acted diligently, and any remaining discovery delay is attributable solely to the SBA's non-response.

It should also be noted that Defendants have informed the undersigned that they have also sought these very same records from the SBA via a FOIA request, which has also gone ignored. Thus, this information is necessary for both sides to properly litigate this case.

## CONCLUSION

3

Plaintiff respectfully requests that the Court:

    a. Order the U.S. Small Business Administration to comply with Plaintiff's subpoena within fourteen (14) days; or

    b. In the alternative, transfer this motion to the United States District Court for the District of Columbia pursuant to Rule 45(f); and

    c. Grant such other and further relief as the Court deems just and proper.

Dated: January 15, 2026

The Court is in receipt of Plaintiff's motion, dated January 15, 2026, to compel production of documents from non-party U.S. Small Business Administration in response to a document subpoena served under Federal Rule of Civil Procedure 45. (Dkt. No. 43). However, from the contents of the motion alone, the Court cannot determine whether Plaintiff served a copy of the motion on U.S. Small Business Administration. Accordingly, Plaintiff is hereby ordered to serve its motion and all supporting papers on the Administration, together with a copy of this Order, and file proof of service of such materials in this case, by no later than Friday, January 23, 2026. The Administration shall have until Monday, February 9, 2026 to submit papers in opposition to Plaintiff's motion to compel. The Administration is hereby warned that the failure to respond may result in Plaintiff's motion being treated as unopposed.

**CRISCIONE RAVALA, LLP**

    */s/ Galen Criscione*
Galen J. Criscione, Esq.
Criscione Ravala, LLP
*Attorneys for Plaintiff*
250 Park Ave. Suite 700
New York, NY 10177
P: (212 920-7142 ext. 501
F: (800) 583-1787
E: GCriscione@lawcrt.com

Date:   January 21, 2026    **SO ORDERED:**

**HON. GARY STEIN**
**UNITED STATES MAGISTRATE JUDGE**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC<br>                    Plaintiff,<br><br>-against-<br><br>N-TOUCH STRATEGIES, LLC<br>and NATASHA WILLIAMS,<br><br>                    Defendants. | Case No. 25-cv-02876 |

GALEN J. CRISCIONE, under the penalty of perjury, declares:

1.      I am a partner with the firm Criscione Ravala, LLP, attorneys for Plaintiff, Alchemy Management Partners, LLC ("Plaintiff"), in the above-captioned action, and as such, I am fully familiar with all of the facts and circumstances set forth herein.

2.      On June 4, 2025, Plaintiff issued a subpoena pursuant to Rule 45 to the U.S. Small Business Administration. *Subpoena attached as Exhibit A*.

3.      The subpoena was served on August 7, 2025 at SBA headquarters in Washington, DC. *Proof of Service attached as Exhibit B*.

4.      The SBA did not serve objections, request an extension, or produce documents.

5.      On December 16, 2025, I sent a follow-up letter advising that a motion to compel would be filed absent a response. *Letter attached as Exhibit C*.

6.      The SBA did not respond.

Dated: January 15, 2026

CRISCIONE RAVALA, LLP

___/s/ Galen Criscione____
Galen J. Criscione, Esq.

Criscione Ravala, LLP
*Attorneys for Plaintiff*
250 Park Ave. Suite 700
New York, NY  10177
P: (212 920-7142 ext. 501
F: (800) 583-1787
E: GCriscione@lawcrt.com

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC<br><br>Plaintiff,<br><br>-against-<br><br>N-TOUCH STRATEGIES, LLC and NATASHA WILLIAMS,<br><br>Defendants. | Case No. 25-cv-02876<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION** |

COUNSEl;

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, et seq, and SDNY Local Rules, Plaintiff, Alchemy Management Partners, LLC

("Plaintiff"), in the above-referenced matter intends to serve a Subpoena, in the form

attached hereto, on the U.S Small Business Administration, on June 4th, 2025 or as soon

thereafter as service may be effectuated.

Dated: June 04, 2025

    New York, NY

Respectfully Submitted

CRISCIONE RAVALA, LLP

    */s/ Galen Criscione*
Galen J. Criscione, Esq.
Criscione Ravala, LLP
*Attorneys for Plaintiff*
250 Park Ave. Suite 700
New York, NY  10177
P: (800) 583-1780
F: (800) 583-1787
E: GCriscione@lawcrt.com

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of June, 2025, a true and accurate copy of the Plaintiff's Notice of Subpoena and the Subpoena attached thereto, was served upon counsel for Defendant(s), Aaron A. Mitchell, Esq., Lawall & Mitchell, LLC, 55 Madison Square, Ste. 400 at aaron@lmesq.com, Todd Reinecker, Esq., and Matthew T. Healy, PilieroMazza PLLC, 1001 G Street, Ste. 1100, Washington, D.C. 20001, respectively at treinecker@pillieromazza.com and mhealy@pilieromazza.com, via email and regular first class mail.

Dated: June 04, 2025

New York, NY

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

_/s/ Galen Criscione_

Galen J. Criscione, Esq.
Criscione Ravala, LLP
_Attorneys for Plaintiff_
250 Park Ave. Suite 700
New York, NY  10177
P: (800) 583-1780
F: (800) 583-1787
E: GCriscione@lawcrt.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 25-cv-02876 |
| N-TOUCH STRATEGIES, LLC & NATASHA WILLIAMS | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
U.S. SMALL BUSINESS ADMINISTRATION
c/o Office of General Counsel, 409 3rd St. SW, Washington, DC 20416

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider (Exhibit A)

| Place: CRISCIONE RAVALA, LLP 250 Park Avenue, 7th Floor New York, NY 10177 **Email production to GCriscione@lawcrt.com** | Date and Time: 06/18/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____6/04/2025____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

---

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  25-cv-02876

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC | Case No. 25-cv-02876 |
| Plaintiff, | RIDER – EXHIBIT "A" TO THE NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION – U.S. SMALL BUSINESS ADMINISTRATION (SBA) |
| v. | |
| N-TOUCH STRATEGIES, LLC and NATASHA WILLIAMS, | |
| Defendants. | |

**Requested Information:**

1. N-Touch Strategies, LLC, GSA RFP response - Part One circa July 10, 2023 - all documents to be included.

2. N-Touch Strategies, LLC, GSA RFP response - Part Two circa July 13, 2023 to July 17, 2023 - all documents to be included.

3. N-Touch Strategies, LLC, MBDA RFP response circa July 24, 2023 - all documents to be included.

4. N-Touch Strategies, T's (Agency Unknown) RFP response circa May 10, 2024 – all documents to be included.

5. All other RFP response documents from N-Touch from July 2023 to current date.

6. All other RFP response documents from any other company using N-Touch's 8(a) classification from July 2023 to current date.

7. Any documents relating to N-Touch's winning, management, continued management, and termination of MBDA in the 2023-2024 and 2024-2025 assignment.

8. Any documents relating to N-Touch's payment and/or fee for MBDA assignment including but not limited to contracts, SOWs, invoices, and payments.

9. Any documents relating to N-Touch's winning, management, continued management, and termination of any contracts won through the RFPs above (including GSA, circa May 10).

10. Any documents relating to N-Touch's payment and/or fee for any contracts won through RFPs above (GSA, circa May 10 etc) -including but not limited to contracts, SOW's, invoices, and payment.

11. Any external communications between the SBA and N-Touch starting July 2024 regarding Alchemy Management Partners, LLC.

12. Any external communications between the SBA and MBDA starting July 2024 regarding Alchemy Management Partners, LLC.

13. Any internal SBA communications starting July 2024 regarding Alchemy Management Partners, LLC.

2

## AFFIDAVIT OF PROCESS SERVER

### United States District Court for the Southern District of New York

Alchemy Management Partners, LLC

       Plaintiff(s),

VS.

N-Touch Strategies, LLC, et al.

       Defendant(s).

Attorney: Galen J. Criscione, Esq.

Criscione Ravala, LLP
250 Park Ave. 7th Floor
New York NY 10177



*341341*

Case Number: 25-cv-02876

Legal documents received on **08/06/2025** at **5:10 PM** to be served upon **U.S. Small Business Administration at 409 Third St SW, Washington, DC 20416**

I, **Nereida Avelar**, swear and affirm that on **August 07, 2025** at **3:50 PM**, I did the following:

Served **U.S. Small Business Administration** by delivering a conformed copy of the **Notice of Subpoena to Produce Documents, Information, or Objects in a Civil Action; Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Rider Exhibit "A" to the Notice of Subpoena to Produce Documents, Information, or Objects in a Civil Action U.S. Small Business Administration (SBA)** to **John Russell** as **Paralegal & Authorized Agent** of **U.S. Small Business Administration** at **409 Third St SW, Washington, DC 20416.**

**Description of Person Accepting Service:**
Sex: Male Age: 55 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: Medium Brown Hair Color: Black & Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Date: 8-11-25

**Nereida Avelar**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@samedayprocess.com**

Internal Job
ID:341341



# CRISCIONE | RAVALA, LLP
### ATTORNEYS AT LAW

MAILING ADDRESS: 250 PARK AVENUE | 7TH FLOOR | NEW YORK, NEW YORK 10177
2001 ROUTE 46 | SUITE 310 | PARSIPPANY, NEW JERSEY 07054 ("BY APPOINTMENT ONLY")
110 EAST BROWARD BOULEVARD| SUITE 1700 | FT. LAUDERDALE, FLORIDA 33301 ("BY APPOINTMENT ONLY")
TELEPHONE (800) 583-1780 | FACSIMILE (800) 583-1787

GALEN J. CRISCIONE, ESQ. *†♦
*†♦ LICENSED IN NY, NJ, FL, DC, MI, AND TX
DIRECT: 212.920.7142 X. 501 | GCRISCIONE@LAWCRT.COM

December 16, 2025

*Via First Class Mail and Email*
U.S. Small Business Administration
Office of General Counsel
409 3rd St. SW
Washington, DC 20416

   **Re:**  **Subpoena to Produce Documents**
       **Case No: SDNY 25-cv-02876**

To Whom it May Concern:

  We represent Plaintiff Alchemy Management Partners, LLC in SDNY Case No. 25-cv-02876. A subpoena was served on the SBA on August 7, 2025 – an affidavit of service is attached.

  To date we have not received a response nor received any correspondence despite sending a letter to your office. The production sought in this subpoena is crucial to the Plaintiff's case. Thus, we will be forced to file a Motion to Compel the Subpoena production should we not receive correspondence from you imminently.

  I may be reached at any time at (212) 920-7142 or via e-mail at GCriscione@lawcrt.com. Thank you for your attention to this matter.

        Sincerely,

        Galen Criscione, Esq.
        Criscione Ravala, LLP

NEW YORK | NEW JERSEY | FLORIDA

WWW.LAWCRT.COM

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCHEMY MANAGEMENT PARTNERS, LLC | Case No. 25-cv-02876 |
| Plaintiff, | |
| -against- | |
| N-TOUCH STRATEGIES, LLC and NATASHA WILLIAMS, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Upon Plaintiff's Motion to Compel Compliance with Subpoena, and for good cause shown, it is hereby:

ORDERED that the U.S. Small Business Administration shall produce all documents responsive to Plaintiff's June 4, 2025 subpoena within fourteen (14) days of this Order

DONE and ORDERED in Chambers on this __ day of January 2026.

 

 

_____
HON. GARY STEIN
UNITED STATES DISTRICT JUDGE
