**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
ALCHEMY MANAGEMENT PARTNERS,
LLC,

                                    Plaintiff,

                                                                    **24 Civ. No. 2876 (GS)**
                    -against-

                                                                    **ORDER**
N-TOUCH STRATEGIES, LLC and
NATASHA WILLIAMS,

                                    Defendants.
-------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

        The Court is in receipt of Plaintiff's letter-motion, dated January 15,

2026, to compel production of documents from non-party U.S. Small Business

Administration ("SBA") in response to a document subpoena served under

Federal Rule of Civil Procedure 45.  (Dkt. No. 43 (Pl. Br.)).  The Court

previously granted SBA until February 9, 2026 to respond to the motion.  (Dkt.

No. 44).  Additionally, in that order, the Court warned SBA that a failure to

respond "may result in Plaintiff's motion being treated as unopposed."  (*Id.*).

Plaintiff has attested to service of this order, and its motion and supporting

papers, on SBA in a timely manner.  (Dkt. No. 45).  SBA has filed no response,

nor has it requested an extension of its deadline to respond.  Accordingly, the

Court treats Plaintiff's motion as unopposed.

        "Federal Rule of Civil Procedure 45 permits the issuance of a subpoena

duces tecum to non-parties."  *In re Subpoena Duces Tecum served on Clarick*

*Gueron Reisbaum, LLP*, No. M8-85, 2010 WL 4967441, at *1 (S.D.N.Y. Nov. 30,

2010).[1]  When a motion to compel is unopposed, the lack of opposition "may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion."  *Liz v. A Perfect Dealer, Inc.*, No. 23 Civ. 10670 (JLR) (SDA), 2024 WL 4250364 at \*2 (S.D.N.Y. Sept. 20, 2024) (quoting *Freudenvoll v. Target Corp.*, No. 13 Civ. 6197L (MWP), 2013 WL 6243706, at \*1 (W.D.N.Y. Dec. 3, 2013)); *see also In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) ("The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections.").

The subject subpoena is procedurally compliant and seeks information that is relevant and proportional to the needs of the case.  (*See* Pl. Br. at 3; *see also* Fed. R. Civ. P. 26(b)(1), 45).  Additionally, SBA failed to timely respond, object, or articulate any basis for its failure to comply, and has similarly failed to respond to Plaintiff's motion.

Accordingly, Plaintiff's motion to compel production from non-party U.S. Small Business Administration is hereby GRANTED.  SBA shall produce the

---

[1] The Second Circuit has "left undecided whether section 706 of the Administrative Procedure Act ("APA") or the Federal Rules of Civil Procedure provides the appropriate standard of review when a challenge to a non-party agency's subpoena response is brought by a motion to compel." *In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 488 (S.D.N.Y. 2021).  However, courts in the Circuit have frequently chosen to apply the Federal Rules, *see In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d at 489; *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545–46 (S.D.N.Y. 2016); *In re PE Corp. Securities Litig.*, No. 03 Civ. 705 (TPS), 2005 WL 806719, at \*6–7. (D. Conn. Apr. 8, 2005), complying with the rule of the D.C. Circuit, which handles the largest number of federal agency subpoenas, *see Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007). Accordingly, this Court does the same.

documents responsive to the subpoena within 30 days of service of this Order by

Plaintiff.

**SO ORDERED.**

DATED:    New York, New York
          February 13, 2026

The Honorable Gary Stein
United States Magistrate Judge